UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JCAA HOLDINGS LLC,

         Plaintiff,

 -against-

UNITED STATES OF AMERICA,

         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COMPLAINT**

Case No.

  Plaintiff JCAA HOLDINGS LLC ("JCAA"), by its attorneys, Bond, Schoeneck & King PLLC, as and for its complaint, alleges:

**PRELIMINARY STATEMENT**

  1. This is an action, pursuant to the Quiet Title Act, 28 U.S.C. § 2409a, for a declaratory judgment to quiet title to real property located at 635 West 42nd Street, Unit 4H, New York, New York, Block 1090, Lot 1297 (the "Property").

  2. After JCAA acquired the Property through an arms-length transaction for valuable consideration pursuant to a deed that was duly recorded in the County Clerk's office, it learned that the United States of America (the "USA") purportedly has a competing interest in the Property arising from a criminal forfeiture action.

  3. The USA failed to publicly record its interest in the Property on the New York City Automated City Register Information System (ACRIS), never seized the Property from the seller of the Propertu, and, at the time of JCAA's purchase, there was no current notice of pendency on record regarding the Property filed in the New York County Clerk's Office.

  4. New York is a first-in-time recording state regarding the determination of who has title to real property.

5. JCAA was the first in time to record its deed against the Property *viz a viz* the USA which never recorded any deed to or other record of ownership of the Property. JCAA had neither actual nor constructive knowledge of the USA's interest in the Property and is thus a *bona fide* purchaser for value of the Property.

6. The Court should issue a declaratory judgment that JCAA is the title holder to the Property and any rights of the USA to the Property are extinguished.

## PARTIES

7. Plaintiff JCAA is a limited liability company organized under the laws of the state of New York, with a principal place of business at 1430 Broadway, Room 704, New York, New York 10018.

8. Defendant USA is a sovereign country.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction of this action pursuant to the Quiet Title Act, 28 U.S.C. § 2409a.

10. Venue is proper in this district because the Plaintiff and the Property are located in this district.

## STATEMENT OF FACTS

11. The Property is a condominium unit located in a residential building in Manhattan branded "The Atelier."

12. JCAA acquired the Property from seller Melisa Singh ("Singh") for $660,000 on June 7, 2021, pursuant to a Residential Unit Deed (the "JCAA Deed"). The JCAA Deed was duly recorded in the New York City Department of Finance, Office of the City Register on June 18,

2021, at CRFN 2021000231350.  (A copy of the recorded JCAA Deed is attached hereto as Exhibit "A").

13. Before closing on the purchase of the Property, JCAA commissioned a title search on the Property.  That title search revealed that Singh had acquired title to the Property from 627 West 42nd LLC pursuant to a deed dated January 31, 2008, and duly recorded on February 12, 2008, at CRFN 20080000592285 (the "Singh Deed").  (A copy of the recorded Singh Deed is attached hereto as Exhibit "B").

14. In connection with the sale of the Property to JCAA, Singh executed a "Title Affidavit" swearing, among other things, that she was the owner of the Property and that there were no liens against her.  (A copy of the Title Affidavit is attached hereto as Exhibit "C").

15. After the closing, JCAA took possession of the Property without incident and has since then incurred expenses in connection with the renovation of the Property.

16. On March 1, 2023, JCAA entered into a contract with three individuals (the "Purchasers") to sell the Property for $875,000.  The Purchasers sought financing for the purchase of the Property.

17. Before the transaction could close, the Purchasers' counsel informed JCAA that they would not close the transaction (and the lender would not finance it) because of concerns raised by its title agent concerning an expired notice of pendency that had previously been filed against the Property by the USA.

18. Upon further inquiry after March 1, 2023, JCAA first learned that the Property had been the subject of a criminal forfeiture proceeding against David Nicoll ("Nicoll") that was commenced in 2013.  In connection with that proceeding, the USA had filed a notice of pendency against the Property on March 20, 2014, in the County Clerk's Office of New York Supreme Court.

However, absent extension, pursuant to CPLR § 6513, notices of pendency expire on their own accord in three years, which, in this instance, was March 20, 2017.

19. Singh, who purportedly purchased the Property in 2008 with funds gifted to her by Nicoll that derived from criminal proceeds, filed an ancillary petition in the forfeiture seeking to retain the Property. Singh was not successful in that attempt and exhausted all her appeals as of June 4, 2018, when the U.S. Supreme Court denied her petition for a writ of certiorari.

20. Despite Singh having exhausted all her appeals in June, 2018, the USA did not take any actions to seize the Property or evict Singh, and Singh remained in possession of the Property.

21. Nor did the USA move for an extension of the notice of pendency prior to its expiration on March 20, 2017.

22. Nor did the USA record any instrument in ACRIS regarding its purported ownership interest in the Property resulting from the forfeiture proceeding.

23. Thus, when JCAA purchased the Property, there was no notice of a recorded interest of the USA in the Property filed in the property records and no legally operative notice of pendency.

24. JCAA had neither actual nor constructive knowledge of the USA's purported interest and was a *bona fide* purchaser for value of the Property.

## **FIRST CAUSE OF ACTION**

### **(Quiet Title)**

25. JCAA repeats and realleges the allegations of paragraphs 1 through 24 as if fully stated herein.

26. This claim is brought for a declaratory judgment pursuant to 28 U.S.C. § 2409a.

27. JCAA acquired title to the Property through the JCAA Deed for value.

28. JCAA, through its agent, duly recorded the JCAA Deed.

29. The USA had not filed any valid document evidencing ownership of the Property.

30. The notice of pendency that the USA filed on the Property in 2014 had expired and the USA did not renew it.

31. After JCAA purchased the Property, it learned that the USA claims an interest in the Property through the criminal forfeiture proceeding against Nicoll.

32. The USA never seized the Property following the forfeiture proceeding, leaving the Property in the possession of Singh, and did not record its purported interest in the Property with the City Register against the block and lot number associated with the Property.

33. At the time of purchase, as a result of the USA failing to duly record its purported interest in the Property, JCAA did not have actual or constructive notice of the USA's interest in the Property.

34. JCAA is a *bona fide* purchaser for value of the Property, and the first in time to record its deed against the Property *viz a viz* the USA.

35. An actual controversy exists between the parties with respect to the ownership of the Property.

36. No defendant is unknown, and no defendant is or might be an infant, mentally, retarded, mentally ill, or an alcohol abuser.

37. The judgment will not affect a person or persons not in being or ascertained at the commencement of the action, who by any contingency contained in a devise or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the property involved; every person in being who would have been entitled to such estate or interest if such event had happened immediately before the commencement of the action is named as a party hereto.

38. By reason of the foregoing, a judgment should be issued finding, determining, and declaring that JCAA holds title to the Property and that JCAA has exclusive rights to the possession, use, and enjoyment of the Property to the exclusion of all other entities or individuals.

WHEREFORE, JCAA demands that the Court enter judgment as follows:

(a) On the First Cause of Action against Defendant, granting Plaintiff a declaratory judgment pursuant to 28 U.S.C. § 2409a finding, determining, and declaring that Plaintiff holds title to the Property;

(b) Granting Plaintiff such other relief as the Court may deem just and proper.

Dated: New York, New York
November 30, 2023

BOND, SCHOENECK & KING PLLC

By_____ /s/_____ _____
Mark A. Berman
Dawn M. Wilson
600 Third Avenue, 22nd Floor
New York, New York 10016
mberman@bsk.com
Telephone: (646) 253-2356

*Attorneys for Plaintiff JCAA*